456    APPELLATE COURTS OF ILLINOIS.

Pouzar v. Old Colony Trust & Savings Bank, 197 Ill. App. 456.

---

## John V. Pouzar, Plaintiff in Error, v. Old Colony Trust & Savings Bank, Defendant in Error.

### Gen. No. 21,357.

BANKS AND BANKING, § 131*—*what is effect of certifying forged check on liability of bank.* A bank certifying a check at the instance of a bona fide holder for value will not be relieved of liability thereon by the fact that the signature of the drawer is a forgery.

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the October term, 1915. Reversed and judgment here. Opinion filed January 17, 1916.

W. J. VAVRA and G. L. WIRE, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

DEFREES, BUCKINGHAM & EATON, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit against defendant to recover the amount of a check for $45 drawn on defendant's bank and certified by it but which it later refused to pay.   Upon trial by the court it was adjudged that plaintiff take nothing.

We have not been favored with any brief on behalf of the defendant.

From the evidence it appears that the plaintiff, who was a merchant, on Saturday evening, November 1, 1913, sold a suit of clothes to H. L. Davis, known by the plaintiff to be an employee of the McKenzie Furnace Company; that Davis tendered in payment a check dated that day, payable to his order, in the sum of $45, signed by the McKenzie Furnace Company, by D. J. McKenzie, president.   Davis indorsed the check in blank and delivered it to plaintiff, and received the suit of clothes and $25 in change.   On Monday, November 3rd, plaintiff, at the opening of business, presented the check at the banking rooms of the defendant and requested that it be certified.   Defendant certified the check and plaintiff then deposited it to his account with the National City Bank of Chicago. Later, but on the same day, defendant through S. B. Cramer, its assistant cashier, notified the National City Bank and the plaintiff that the signature of the maker of the check was a forgery.   On the same day, November 3rd, the check was paid through the Chicago Clearing House, through which both the National City Bank and the defendant clear.   On November 4th, Mr. Cramer returned this check to Mr. Meyer, assistant cashier of the National City Bank, and requested Mr. Meyer to charge the check back to plaintiff because their "fool" teller had certified a forged signature,

and promised to take up the check if plaintiff would not accept the charge back. Mr. Meyer remitted to Mr. Cramer the amount of the check and said that he would take the matter up with plaintiff in an endeavor to have the check charged back to him. Subsequently the check was presented at the defendant's bank to the assistant cashier, who refused to pay the same. The National City Bank charged the amount of the check back to plaintiff.

Under these facts we are of the opinion that plaintiff was entitled to recover.

The provisions of the Negotiable Instruments Act apply to a check. Illinois Statutes (Hurd) chapter 98, Section 202. (J. & A. ¶ 7824.) "Where a check is certified by the bank on which it is drawn, the certification is equivalent to an acceptance." Section 204. (J. & A. ¶ 7826.) "Where the holder of a check procures it to be accepted or certified, the drawer and all indorsers are discharged from liability thereon." Section 205. (J. & A. ¶ 7827.) "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." Section 206. (J. & A. ¶ 7828.) *Rauch v. Bankers National Bank,* 143 Ill. App. 625.

There was no competent evidence that the signature on the check was a forgery, and further, as was said in *First National Bank v. Northwestern Nat. Bank,* 152 Ill. 296, 306: "The drawee of a bill of exchange or of a bank check is conclusively presumed to know the signature of the drawer, and if he accepts or pays, in the usual course of business, a bill or check whereon the signature of the drawer is a forgery, he will be estopped to afterward deny the genuineness of such signature."

For the reasons above indicated the judgment is reversed and judgment for plaintiff against defendant for $45 is entered in this court.

*Reversed and judgment here.*